UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR GILBERT WALTERS, | No. C-12-2799 EMC (pr) |
| Plaintiff, | |
| v. | **ORDER OF SERVICE** |
| SANTA CLARA DEPARTMENT OF CORRECTIONS ELMWOOD FACILITY COMMANDER, *et al.*, | |
| Defendants. | |

## I. INTRODUCTION

Arthur Gilbert Walters, an inmate at the Elmwood Facility of the Santa Clara Department of Corrections, filed a *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

## II. BACKGROUND

Walters complains about the way jail officials have responded to his request for a religious diet. Walters alleges that he is a Muslim, and requested "a no pork diet and (Halal meat)" at the jail. Docket # 1, p. 5. He alleges that the meals provided to him in response to his request have been nutritionally inadequate and discriminate against Muslims because: the meals are smaller, the meals have margarine cubes as a meat substitute, the meals have the desserts removed, and too many of the meals are vegetarian. Walters further alleges that he "was not being treated equal with general population who receive meat with most every meal, " Docket # 1, p. 3, because he received Halal meat only about 4 times per week while regular meals had meat about 14-18 times per week.

At some point, the kitchen allegedly promised to start accommodating Walters's religious diet request. Although the promise was made, the food service did not actually improve for him.

On May 9, deputy White allegedly said that Walters' Halal diet would be stopped if Walters continued trading meals with inmates from general population. Walters alleges that the latter had foods that were religiously permissible for him. He also alleges in a supplement that deputy White threatened him when he tried to refuse a dinner tray and tell White about the applicable regulation for Halal meat diets. *See* Docket # 7.

### III. DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The First Amendment guarantees the right to the free exercise of religion. In order to establish a free exercise violation, a prisoner must show a defendant burdened the practice of his religion without any justification reasonably related to legitimate penological interests. *See Shakur v. Schriro*, 514 F.3d 878, 883-84 (9th Cir. 2008). The refusal to provide a healthy diet conforming to an inmate's sincere religious beliefs may violate the First Amendment because inmates "have the right to be provided with food sufficient to sustain them in good health that satisfies the dietary laws of their religion." *Ward v. Walsh*, 1 F.3d 873, 877 (9th Cir. 1993) (internal quotation and citation omitted).

Inmates' religious freedoms also are protected by the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1. Section 3 of RLUIPA provides: "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 [which includes state prisons, state psychiatric hospitals, and local jails], even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a). For an RLUIPA claim, the plaintiff-inmate must show that the government has imposed a substantial burden on his religious exercise. A "'substantial burden' on 'religious exercise' must impose a significantly great restriction or onus upon such exercise." *San Jose Christian College v. Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004).

Giving it the liberal construction to which it is entitled, the *pro se* complaint states cognizable claims for a violation of Walters' First Amendment right to the free exercise of religion and for a violation of Walters' rights under RLUIPA based on the failure to provide an adequate religious diet for him. The complaint adequately links Defendants Ana Rigados (the food service dietician), captain Wong (the facility commander who apparently denied inmate appeals about the food service), and deputy White (who allegedly threatened to cause the religious meal service to stop for Walters) to the claimed deprivation.

Captain Wong's potential liability is under the First Amendment and RLUIPA, and is not under the Fourteenth Amendment's Due Process Clause. There is no constitutional right to a prison or jail administrative appeal or grievance system in California. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); Cal. Code Regs. tit. 15, §§ 3084.1. Walters had no federal constitutional right to a properly functioning appeal system. An incorrect decision on an administrative appeal or failure to handle it in a particular way therefore did not amount to a violation of his right to due process. Although there is no due process violation, the handling of Walters' grievances and appeals may be relevant to his First Amendment and RLUIPA claims. If a

defendant only denied an inmate appeal about a religion problem that already had occurred and was complete (*e.g.*, an exclusion of the inmate from a religious ceremony on a past date), there would be no liability for a constitutional violation. However, where the problem is an ongoing religious need and the request is made in an inmate appeal to remedy the ongoing problem, liability can be based on the denial of an inmate appeal, just as it could be based on the denial of a verbal request from the inmate. *Cf. Jett v. Penner*, 439 F.3d 1091, 1098 (9th Cir. 2006) (supervisor may be liable for deliberate indifference to a serious medical need, for instance, if he or she fails to respond to a prisoner's request for help).

Walters also urges that his right to equal protection has been violated because, as a Muslim on a religious diet, he "was not being treated equal with general population who receive meat with most every meal." Docket # 1, p. 3. He further alleges that the allegedly worse meals he received were done to oppress and persecute him as a Muslim. *See id.* at 5, 6. The complaint, liberally construed, states a cognizable claim against the three Defendants for a violation of Walters' rights under the Fourteenth Amendment's Equal Protection Clause. *See City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (Equal Protection Clause's command is "essentially a direction that all persons similarly situated should be treated alike.")

### IV. CONCLUSION

1. The complaint states cognizable claims against Defendants Wong, Rigados, and White for First Amendment, RLUIPA and equal protection violations. All other Defendants and claims are dismissed.

2. The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint and a copy of all the documents in the case file upon the following three individuals who apparently work at the Elmwood Facility of the Santa Clara County Department of Corrections:

- Captain Wong (facility commander)
- Ana Rigados (food services department)
- Deputy White (Badge # 2038)

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

1        a.      No later than **November 16, 2012**, Defendants must file and serve a motion for summary judgment or other dispositive motion. If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants must so inform the Court prior to the date the motion is due. Defendants must provide to Plaintiff a new *Rand* notice regarding summary judgment at the time they file a motion for summary judgment. *See Woods v. Carey*, No. 09-15548, slip op. 7871, 7874 (9th Cir. July 6, 2012).

        b.      Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendant no later than **December 28, 2012**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants [may make] a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (*Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).)

Plaintiff also should take note that a Defendant may file a motion to dismiss for failure to exhaust administrative remedies instead of, or in addition to, a motion for summary judgment. A motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, result in the termination of the action. The plaintiff must "develop a record" and present it in his opposition to dispute any "factual record" presented by a defendant's motion to dismiss. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

   c. If Defendants wish to file a reply brief, the reply brief must be filed and served no later than **January 15, 2013**.

  4. All communications by Plaintiff with the Court must be served on a Defendant's counsel by mailing a true copy of the document to Defendant's counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until a Defendant's counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendant, but once a Defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that Defendant.

  5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

  6. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

  7. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this Court for consideration in this case.

  IT IS SO ORDERED.

Dated: September 4, 2012

_____
EDWARD M. CHEN
United States District Judge